FILED

14 DEC 11 PM 3:07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McGEE TONY DUCLOS,<br><br>                        Plaintiff,<br>vs.<br><br>JOHN DOE TILLMAN; JOHN DOE GARCIA; AND JOHN DOE ALVERADO,<br><br>                        Defendants. | CASE NO. 14cv149-BAS(KSC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[Doc. No. 20.] |

      Before the Court is plaintiff's Motion for Appointment of Counsel. [Doc. No. 20.] In his Motion, plaintiff requests that the Court appoint counsel to represent him in this case for several reasons: (1) he is unable to afford counsel; (2) he believes the issues involved in his case are complex, so expert testimony on medical issues may be required; (3) he has limited access to a law library, because he is housed in a punitive segregation unit; (4) he has no legal education or ability to investigate; and (5) he believes his case has merit.

      An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298

(1989). However, in certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

Here, there is nothing to support a finding of exceptional circumstances. First, likelihood of success on the merits is unclear based on the information presented. Plaintiff has only stated that he believes his case has merit.

Second, there is nothing from which this Court could conclude plaintiff lacks the ability to articulate and prosecute his claims *pro se*. The allegations in his original Complaint are detailed, clearly stated, and sufficient to survive a motion to dismiss. He has also submitted clearly written motions and recently prevailed on his Motion for Leave to Amend the Complaint. [Doc. Nos. 1, 17, 20.]

Third, the allegations in the Complaint are not complex. They are similar to those made in many other prisoner complaints filed under Section 1983.

Fourth, any hardships imposed by plaintiff's incarceration and segregation, such as limited access to legal materials, are not enough to establish exceptional circumstances. As expressed in plaintiff's moving papers, these hardships are no different from those encountered by all incarcerated civil litigants.

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925

///

(9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

Based on the foregoing, IT IS HEREBY ORDERED THAT plaintiff's Motion for Appointment of Counsel is DENIED. [Doc. No. 20.]

IT IS SO ORDERED.

Date: _Dec. 11_, 2014

KAREN S. CRAWFORD
United States Magistrate Judge