UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCGHEE TONY DUCLOS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE TILLMAN, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 14-cv-149-BAS(KSC)<br><br>**ORDER:**<br><br>**(1) OVERRULING PLAINTIFF'S OBJECTIONS;**<br><br>**(2) APPROVING AND ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY; AND**<br><br>**(3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF Nos. 25, 46]** |

　　　On January 21, 2014, Plaintiff McGhee Tony Duclos, a state prisoner proceeding *pro se* and *in forma pauperis*, commenced this civil-rights action under 42 U.S.C. § 1983, alleging that certain prison guards used excessive force and acted with deliberate indifference as to his medical needs. The current operative complaint is Plaintiff's First Amended Complaint ("FAC"), which names Matthew Tillman, Adrian Garcia, Jeremy Jones, and Isaac Alvarado (collectively, "Defendants") as

defendants. Now pending before the Court is Defendants' motion for summary judgment. Plaintiff opposes.

After the summary-judgment motion was fully briefed, United States Magistrate Judge Karen S. Crawford issued a Report and Recommendation ("R&R" or "report"), recommending that this Court: (1) find that Defendants are entitled to qualified immunity as to Plaintiff's excessive-force claim; and (2) grant Defendants' summary-judgment motion in its entirety. Plaintiff filed objections to the R&R, and Defendants filed a reply.

## I. LEGAL STANDARD

The court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). It may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established within the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In deciding a summary-judgment motion under Federal Rule of Civil Procedure 56, the district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is "genuine" only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Id.* at 248.  "[I]nferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).  At the summary-judgment stage, the district court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Anderson*, 477 U.S. at 249) (internal quotation marks omitted).  Furthermore, a "summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *Dzung Chu v. Oracle Corp.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Matsushita*, 475 U.S. at 586); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

## II.   ANALYSIS[1]

This action arises from an incident that occurred on August 16, 2013 while Plaintiff was housed at the George Bailey Detention Center.  According to Plaintiff,

---

[1] The Court adopts and incorporates by reference all portions of the R&R that the parties do not object to.  That includes most of the factual background presented in the report.

he was diagnosed with "complex partial seizures," which caused him to fall into a "non-convulsive seizure" and hit his head on the edge of the upper bunk in his cell. Plaintiff then left his cell with a large laceration on his head, with blood visible on his face and shirt, walking around the prison day room in a "dreamlike, trance like state." When he regained consciousness, Plaintiff found that he was surrounded by prison guards, and "jumped back confused asking loudly what's going on[?]" Plaintiff asserts that prison guards then used excessive force by punching his face, kicking him, and striking him with a baton or flashlight. Plaintiff also asserts that prison guards acted with deliberate indifference in failing to provide timely care for his medical emergency and "proper housing" that accommodates his "complex partial seizures."

The R&R addresses all three of Plaintiff's claims, with heavy emphasis on the video footage that Defendants submitted. The video footage was recorded from two security cameras at different locations in the day room where the incident took place. The recordings show the entire incident from start, when Plaintiff first came out of his cell, to finish, when prison guards wheeled Plaintiff out of the day room on a gurney to be taken to the hospital. Though Plaintiff's declaration disputes many of the facts described by Defendants' declarations, Judge Crawford found that "[g]iven the clarifying evidence in the video recordings and the other evidence submitted by [D]efendants, the statements made by [P]laintiff in his Declaration are not enough to raise a triable issue of fact." (R&R 12:3-11.) Based on that resolution of the disputed facts, Judge Crawford recommends a finding of qualified immunity and that Defendants' summary-judgment motion be granted in its entirety.

In his objections, Plaintiff argues that summary judgment is improper because there are genuine issues of material fact that should be resolved at trial. Specifically, Plaintiff's position is that his "affidavit squarely contradicts the defendants['] story concerning the force used, when it was used, and why it was used[,]" and "[t]he facts alleged by the plaintiff are evidence that the defendants were acting 'maliciously and

sadistically' to cause harm[.]" (Pl.'s Objections 4-5.) In many other circumstances with competing statements in declarations, Plaintiff's reasoning may have merit. However, the existence of unambiguous video footage can alter how the district court assesses the facts of the case. And in this case, Plaintiff wholly fails to account for the video footage in his objections.

Addressing the treatment of video footage at least in an excessive-force context, the United States Supreme Court has stated that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380-81 (2007). When faced with such a "version of events . . . so utterly discredited by the record," the Supreme Court instructs lower courts to not rely on "such visible fiction" and "view[] the facts in the light depicted by the videotape." *Id.*; *see also Shreve v. Franklin Cnty.*, 743 F.3d 126, 132 (6th Cir. 2014) ("[W]itness accounts seeking to contradict an unambiguous video recording do not create a triable issue.").

Plaintiff does not challenge the accuracy of the video footage. But having nonetheless reviewed it, the Court finds Judge Crawford's recounting of events to be accurate. The Court further finds Judge Crawford's determination that the video footage resolves disputed issues of material fact is proper in light of *Scott*. *See Scott*, 550 U.S. at 380-81. The video footage shows prison guards calmly following Plaintiff to the tables in the day room, where he sits down, only to fall over onto the floor shortly thereafter. (Defs.' Mot. Ex E.) When Plaintiff falls over, several prison guards rush to assist him. (*Id.*) As the prison guards attempt to reseat Plaintiff in a supportive, non-threatening manner, he abruptly starts flailing his arms and pushing those closest to him in an aggressive, combative manner. (*Id.*) At that point, about a dozen prison guards descend on Plaintiff to restrain him by applying a reasonable amount of force. (*Id.*) There is no footage of any guard violently punching or kicking

Plaintiff, or striking him with a baton or flashlight. (*Id.*) Ultimately, the prison guards succeed in restraining Plaintiff and roll him out on a gurney to be taken to the hospital. (*Id.*)

Upon reviewing Plaintiff's FAC, the parties' briefs, and the R&R *de novo*, this Court agrees with Judge Crawford's conclusion that "[n]o reasonable jury could view the video recordings and the other evidence in the record and conclude there was excessive force by any of the defendants who were involved in the incident on August 16, 2013." (R&R 15:7-19.) The Court further agrees that "no reasonable jury could conclude defendants were deliberately indifferent to plaintiff's serious medical condition." (R&R 21:11-23.) As Judge Crawford observes, prison personnel "acted quickly, efficiently, and reasonably under the circumstances," and "[m]edical personnel were promptly notified of plaintiff's medical emergency, and plaintiff was transported to the medical clinic without delay." (*Id.*)

## III. CONCLUSION & ORDER

Having conducted a *de novo* review of the R&R, the parties' briefs, and relevant portions of the record, the Court concludes that Judge Crawford's reasoning is sound. Therefore, the Court **OVERRULES** Plaintiff's objections, and hereby approves and **ADOPTS IN ITS ENTIRETY** the R&R. *See* 28 U.S.C. § 636(b)(1). Accordingly, the Court finds Defendants are protected by the doctrine of qualified immunity with respect to the excessive-force claim, *see Pearson v. Callahan*, 555 U.S. 223, 232 (2009), and **GRANTS** Defendants' summary-judgment motion in its entirety (ECF No. 25).

The Court also **DENIES** Plaintiff's motion to strike Defendants' reply filed pursuant to Rule 11 for "reckless misstatement[s] of law and facts" because the motion lacks merit. (ECF No. 33.) Lastly, the Court **DENIES** Plaintiff's motion for the appointment of counsel because Plaintiff fails to establish "exceptional circumstances" warranting the appointment of counsel (ECF No. 53). *See Palmer v.*

1 | *Valdez*, 560 F.3d 965, 970 (9th Cir. 2004) (citing *Agyeman v. Corr. Corp. of Am.*,
2 | 390 F.3d 1101, 1103 (9th Cir. 2004)).
3 | **IT IS SO ORDERED.**
4 |
5 | **DATED:  March 11, 2016**
6 | Hon. Cynthia Bashant
   | United States District Judge